UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>RON BARNES, Warden, et al.,<br><br>Defendants. | No. 2:17-cv-0772-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed his initial complaint on April 12, 2017 (ECF No. 1) and, on July 16, 2018, the court determined that his Uniform Criminal Extradition Act ("UCEA") claims against Barnes, Speerman, Beard, and Kernan were suitable to proceed. ECF No. 13 at 8. All other claims and defendants were dismissed with leave to amend. *Id.* On August 20, 2018, plaintiff both submitted service documents – indicating his intent to proceed only with the claims identified as cognizable in the court's screening order – and filed a motion for reconsideration. ECF Nos. 16 & 17. He states that, if his motion for reconsideration is denied, he intends to proceed with submission of documents rather than filing an amended complaint. ECF No. 17 at 2. For the reasons stated hereafter, plaintiff's motion for reconsideration is denied.

Legal Standards

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law." *Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006); *see also Walsh v. Am. Med. Response*, No. 13-2077, 2015 U.S. Dist. LEXIS 54179, 2015 WL 1898062, at *1 (E.D. Cal. Apr. 24, 2015) (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). ("A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice."). A party's mere dissatisfaction with a court's order, or belief that the court is wrong in its decision, is not grounds for granting a motion for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

## Analysis

As an initial matter, the court re-emphasizes its finding that plaintiff's complaint contained two unrelated claims. First, he alleged that his rights under the UCEA were violated when he was transferred from High Desert State Prison in California to La Palma Corrections Center ("LPCC") in Arizona. ECF No. 1 at 12. The court found that this claim was appropriate to proceed with respect to defendants Barnes, Speerman, Beard, and Kernan. ECF No. 13 at 8. Second, plaintiff alleged that, while incarcerated at LPCC, he was provided inadequate mental health care. ECF No. 1 at 14. The court determined that this claim was improperly joined and dismissed it with leave to amend. ECF No. 13 at 4-6.

In his motion for reconsideration, plaintiff asks the court to reconsider its dismissal of his claims against defendants Taber and Woodyard. ECF No. 17 at 1. In his complaint, plaintiff alleged that Woodyard was telephonically present during his classification hearings and failed to address his issues concerning extradition and mental health. ECF No. 1 at 15-16. He alleged that Taber denied his prison grievances. *Id.* at 18. The court determined that dismissal was appropriate for both because plaintiff had failed to allege that either had any control over the decision to extradite him or the process of by which his extradition was accomplished. ECF No. 13 at 6.

Seeking reconsideration, plaintiff argues that Taber and Woodyard were both California Departments of Corrections and Rehabilitation employees and held positions which "allow[ed]

2

them . . . to know and understand the significance and magnitude of the allegations being complained of within the complaint." ECF No. 17 at 1. Plaintiff states that this understanding makes them "equally capable of preventing" the injuries alleged in the complaint. *Id.* Finally, he claims that at all his classification hearings and in in his grievances "it was made abundantly clear the violations . . . which the plaintiff suffered . . . ." *Id.* These conclusory allegations are insufficient to warrant reconsideration of the court's decision to dismiss these defendants. Critically, plaintiff has not specifically described how either defendant had control or input into the process by which he was extradited. He notes that they might have been capable of ending his "lengthy segregation," but fails to describe how. And, in any event, only his extradition claims are proceeding in this suit.

<u>Conclusion</u>

Based on the foregoing, it is ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 17) is DENIED; and

2. In light of plaintiff's submission of documents and declared intent to proceed with service if his motion for reconsideration is denied, the court will direct service of defendants Barnes, Beard, Kernan, and Speerman by separate order. The court will also recommend that the other named defendants -- Woodyard, Palmer, Taber, Keeton, and Wendlandt -- be dismissed.

DATED: October 18, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3