UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ASHLEY LUTHER MURRAY PRICE, | No. 2:17-cv-772-MCE-EFB P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BARNES, et al., | |
| Defendants. | |

### Background

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed this action on April 12, 2017. ECF No. 1. The court previously determined that plaintiff's complaint alleged potentially cognizable claims for violation of the Uniform Criminal Extradition Act ("UCEA") against defendants Ron Barnes, Jeffery Beard, Scott Kernan, and M. E. Speerman ("Defendants"). ECF No. 13. Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims lack sufficient specificity. ECF No. 24. Plaintiff has filed an opposition. ECF No. 27. For the reasons stated hereafter, defendants' motion must be denied.

### Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to

state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

## Analysis

A.   Plaintiff's Allegations

Plaintiff claims that, in August of 2014 and while in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), he was made aware that criminal charges were being pursued against him in Arizona. ECF No. 1 at 11. Six months later, while plaintiff was incarcerated at High Desert State Prison ("HDSP"), he wrote to the superior court in Florence, Arizona in order to contest the charges. *Id.* at 11, 28-30. Shortly thereafter, CDCR

officials informed him that he would be transferred to the California Institution for Men ("CIM") in Southern California to go "out to court." *Id.* at 11. Plaintiff claims that he was under the impression that he was being moved due to his "pending appeal for his controlling case and conviction." *Id.* On March 4, 2015 and prior to boarding a transport bus, plaintiff was informed that he was not headed to CIM; instead he was being extradited to La Palma Corrections Center in Eloy, Arizona. *Id.* Plaintiff attempted to refuse transport, but was informed that doing so would result in a "write up" and placement in administrative segregation. *Id.* at 11-12.

Plaintiff argues that his rights were violated under the Uniform Criminal Extradition Act ("UCEA") insofar as he was not given an opportunity to contest his extradition prior to being sent to Arizona. Plaintiff alleges that there was "a conspiratorial effort by every defendant"[1] to deny him this opportunity. *Id.* at 13. He claims that defendants' intent to violate his rights under the UCEA is made evident by their failure to address his procedural concerns even after they were brought to their attention. *Id.* Plaintiff does not specify how he brought these concerns to defendants' attention, but he notes that he has attached an administrative grievance to his complaint wherein he requests that "this matter be brought to the attention of Sacramento CDCR headquarters to address due process issues . . . ." *Id.* at 36-37. Elsewhere in the complaint he claims that these defendants were "collectively well aware of [the UCEA violation]." *Id.* at 20.

With respect to each of the defendants, plaintiff alleged that: (1) defendant Beard is the "director/commissioner" of the CDCR and is legally responsible for the overall operations of the department and its institutions; (2) defendant Barnes was, at times relevant to this suit, the "superintendent/warden" of HDSP and responsible for the welfare of the prisoners therein; (3) defendant Speerman is the current "warden/superintendent" and assumed Barnes' responsibilities; and (4) defendant Kernan is the "official responsible for litigations that include the [CDCR]." *Id.* at 8-9.

/////

---

[1] In his complaint, plaintiff references ten named defendants. ECF No. 1 at 13. All defendants other than the ones bringing this motion to dismiss were screened out, however. ECF Nos. 22 & 25.

3

B. <u>Argument</u>

As noted *supra*, the thrust of defendants' argument is that plaintiff's complaint does not sufficiently allege that any of them were actually responsible for his extradition. ECF No. 24-1 at 3. They note that they can only be held liable for their own misconduct; the wrongdoing of their subordinates, standing alone, is insufficient to establish a section 1983 violation. *Id.* at 6. Defendants also take issue with plaintiff's contention that they were "collectively aware" of the alleged UCEA violation insofar as this is not a claim that any defendant "actually knew the facts; rather it is an allegation that their combined knowledge would yield all of the relevant facts." *Id.* at 7.

The court finds that plaintiff's allegations are sufficient to state a claim. The U.S. Court of Appeals for the Ninth Circuit has instructed that "[i]n reviewing a dismissal for failure to state a claim, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Additionally, "[p]ro se complaints are to be construed liberally and 'may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Here, plaintiff has alleged that each of the defendants knew that he was being extradited, knew that he was entitled to an extradition hearing prior to his removal to the other jurisdiction, but nonetheless elected not to act to safeguard that right. Taken as true (as they must be at this stage), these allegations are sufficient to implicate each defendant in a violation of plaintiff's rights.

In *Ashcroft v. Iqbal*, the Supreme Court recognized that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 446 U.S. 662, 679 (2009). The nature of plaintiff's claim counsels against dismissal for want of specificity. In many prisoner cases, the claimant can reasonably be expected to provide a significant level of detail about a defendant's misconduct. He should be able to specifically describe a provider's flippant attitude toward his medical issues or an officer's excessive use of force against him. His

4

presence for these violations is necessarily required insofar as the alleged wrong is inflicted directly upon his physical person. That is not the case here. Plaintiff alleges that he learned of his extradition at the time he was boarding the vehicle that would take him to Arizona. Faced with significant punishment for refusing to go, he complied with an officer's direction to board. It is unreasonable to expect an inmate in such a situation to be privy to many (or any) of the details behind the decision to extradite him. He might, as plaintiff does here, claim to know which prison officials had responsibility for effecting or overseeing his extradition. He might also, as plaintiff does here, claim that he attempted to alert a given defendant to the violation of his rights and was ignored. It is difficult to imagine, however, a scenario in which any prisoner could attain the information to truthfully allege that, on a certain day, a certain official (or officials) explicitly made the decision to omit his pre-extradition hearing.[2]

Finally, the court is not persuaded by defendants' interpretation of plaintiff's phrase "collective knowledge." As noted *supra*, plaintiff clearly alleges that each of the defendants conspired to deny him his procedural rights. Thus, an equally plausible interpretation of the phrase "collective knowledge" is that the knowledge of the violation should be imputed to each defendant.

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 24) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

---

[2] Additionally, taking his allegations as true, plaintiff could not even have determined which official(s) was responsible for the decision to extradite him insofar as he did not know he was being extradited until the day of his departure.

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE