UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>BARNES, et al.,<br><br>Defendants. | No. 2:17-cv-772-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2019, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Defendants object only to the denial of defendant Beard's motion to dismiss. ECF No. 31. They cite the following passage from plaintiff's complaint:

> Plaintiff . . . further contends that the aforementioned actions became reality only do (sic) to the conscious action of [Barnes], [Speerman], and [Kernan].
>
> . . .
>
> Furthermore, [Barnes], [Speerman] as well as [Kernan] collectively were well aware of not only the aforemention acts . . . they very well were aware of the fact that I . . . would inevitably be put in Administrative Segregation upon arrival at [Arizona prison].

ECF No. 1 at 20. They note that Beard is not included among the listed defendants and contend that his inclusion in the complaint's heading is insufficient to sustain a claim against him. ECF No. 31 at 1-2. But Beard is mentioned elsewhere in complaint. Plaintiff opens his "statement of claim" by describing the manner in which he was allegedly blindsided by transport to Arizona. ECF No. 1 at 11-12. He then states: "[a]t this point is the pivotal moment, which [he] claims as the beginning of the egregious actions, prompting essentialness of suit being brought . . .against defendants (1-4) (Ron Barnes, M.E. Speerman, *Jeffery Beard* and Scott Kernan, all under the color of California State law)." *Id.* at 12 (emphasis added). Plaintiff goes on to allege the procedural shortcomings associated with his transfer and state that it violated the Uniform Criminal Extradition Act ("UCEA"). *Id.* at 12-13. A logical reading of his allegations attributes culpability to each of the defendants, including Beard. Additionally, plaintiff goes on to note that all named defendants conspired to violate his rights during the transfer. *Id.* at 13 ("Upon aforementioned information and belief it was a conspiratorial effort by every defendant . . .").

The complaint, it must be said, is dense, hand-written, and hardly a model of clarity. Defendants can be forgiven for fixating on the conclusory passages near the end of the complaint in which plaintiff explicitly accuses Barnes, Speerman, and Kernan of violating the UCEA. Nevertheless, the complaint is sufficient to put Beard on notice of the claims against him.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 30, 2019, (ECF No. 30) are ADOPTED in full; and

2. Defendants' motion to dismiss (ECF No. 24) is DENIED.

IT IS SO ORDERED.

Dated:  September 13, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE