UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>BARNES, et al.,<br><br>Defendants. | No. 2:17-cv-0772-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to compel and a motion for a copy of his deposition transcript. ECF No. 38.

## Motion to Compel

On October 2, 2019, the court issued a discovery and scheduling order. ECF No. 34. It required that all requests for written discovery be served by December 20, 2019, and that all motions to compel be filed no later than February 21, 2020. *Id.* at 4.

On May 8, 2020, long after these deadlines expired, plaintiff filed a motion to compel defendants to respond to discovery that he had requested in February, 2020. ECF No. 38. As is clear from the scheduling order, any requests for written discovery made after December 20, 2019, were untimely. Moreover, the instant motion to compel, filed months after the February 21, 2020 deadline, is also untimely. Thus, plaintiff's motion to compel is denied.

1

Plaintiff has neither adhered to nor sought modification of the scheduling order. Parties should "diligently attempt to adhere to that schedule throughout the [ ] course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Plaintiff has failed to demonstrate that diligence here. Although he makes a vague claim that CDCR has been "withholding important mail," it is not clear whether plaintiff is blaming the tardiness of his discovery requests and/or motion to compel on this alleged misconduct.

## Motion for Deposition Transcript

Plaintiff also complains that he has not received a copy of the transcript from his deposition, which was taken in February of 2020. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, however, plaintiff must first pay for a copy of the deposition transcript, and then obtain it from the officer before whom the deposition was taken. Fed. R. Civ. P. 30(f)(3). Neither the court nor the defendants may be forced to bear this cost. Although plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, that statute does not authorize the expenditure of public funds for deposition transcripts. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) ("'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress'") (alteration in original) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).

## Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel and motion for a deposition transcript (ECF No. 38) are DENIED.

DATED: May 19, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE