UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE, | No. 2:17-cv-0772-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| BARNES, et al., | |
| Defendants. | |

Plaintiff proceeds without counsel in an action brought under 42 U.S.C. § 1983.  He requests an extension of time to oppose defendants' motion for summary judgment.  ECF No. 43.  He also requests an order allowing him to correspond with another inmate for the purpose of obtaining a declaration to submit as evidence in opposition to defendants' motion.  Finally, he requests modification of the discovery and scheduling order.  ECF No. 45.

Plaintiff states that the inmate with whom he wishes to correspond (his former cellmate) will lend "credibility" to his claims.  *Id.* at 1-2.  By way of example, he asserts that his former cellmate will corroborate plaintiff's claim that he was told that he was going "out to court."  *Id.* at 2.  But on summary judgment, plaintiff does not need to corroborate his own percipient testimony as to what he was told to establish that a fact is in dispute.  To the extent that plaintiff disputes an allegation by defendants regarding what was said to plaintiff, plaintiff's own declaration of what he was (or was not) told is sufficient to establish that there is a genuine dispute in that regard.  On a summary judgment motion the court need not and cannot make credibility determinations and

must take as true the nonmoving party's (i.e., plaintiff's) sworn statements as to what he personally witnessed.  If a defendant provides percipient testimony to the contrary, and the disputed fact is material to the outcome of the case, the dispute must be resolved at trial and not on summary judgment.  Further, plaintiff has not indicated that any material disputes exist over facts which the former cellmate witnessed but the plaintiff did not.  Thus, a declaration from the former cellmate to corroborate what plaintiff can testify to in his own declaration is not necessary for opposing the motion for summary judgment.

Lastly, plaintiff states that he never received the court's October 2, 2019 discovery and scheduling order (ECF No. 34) and fears that CDCR officials prevented him from "obtaining essential material needed to substantiate [his] claims." ECF No. 45 at 2.  He moves to modify the scheduling order, presumably to reopen discovery, but he does not specify what "essential" information he requires to litigate this case.  Plaintiff's request is therefore denied without prejudice.

Accordingly, IT IS ORDERED that plaintiff's request for an extension of time is granted, but his request for a court order is denied as unnecessary (ECF No. 43).  Plaintiff shall file his opposition to defendants' summary judgment motion within thirty (30) days from the date of this order.  Failure to so comply may result in a recommendation that this case be dismissed.  IT IS FURTHER ORDERED that plaintiff's motion to modify the discovery and scheduling order (ECF No. 45) is DENIED without prejudice.

Dated: July 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE