UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY LUTHER MURRAY PRICE,<br><br>Plaintiff,<br><br>v.<br><br>RON BARNES, et al.,<br><br>Defendants. | No. 2:17-cv-772-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending is a motion for summary judgment filed by all defendants (Barnes, Speerman, Beard, and Kernan) wherein they argue that (1) none of the aforementioned defendants had knowledge of or involvement in plaintiff's transfer to Arizona; and (2) that, even if knowledge or involvement could be shown, they would be entitled to qualified immunity. ECF No. 40. Plaintiff has filed an opposition to the motion (ECF No. 48) and defendants have filed a reply (ECF No. 49).

After review of the pleadings and, for the reasons discussed below, the court concludes that defendants' motion should be granted.

/////

/////

/////

1

Legal Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters

which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'").  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.*  If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine.  In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Analysis

I.   Background

Plaintiff alleges that, in March of 2015, he was transferred from a California Department of Corrections and Rehabilitation ("CDCR") facility to the La Palma Correctional Center in Eloy, Arizona. ECF No. 1 at 11. He claims that the defendants in this action violated his rights by failing to provide him with a pre-transfer hearing as required by the Uniform Criminal Extradition Act ("UCEA"). *Id.* at 13.

II.   Argument

As noted *supra*, defendants' first argument is that they were not personally involved in and did not have personal knowledge of plaintiff's transfer from the CDCR to Arizona. As discussed below, summary judgment is appropriate on that basis and therefore the court does not reach the separate argument based on qualified immunity.

/////

It is well established that, to succeed on a section 1983 claim against an official in a supervisory role (as all defendants here were alleged to have held), a plaintiff must establish either personal involvement or that "a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074-1075 (9th Cir. 2013).  In his deposition testimony, plaintiff has acknowledged that: (1) he did not speak or otherwise personally inform any of the defendants about the pertinent transfer; (2) he has no evidence that any other person informed the defendants about the transfer: and (3) that he has not seen any document which shows that any defendant was aware of the transfer.  ECF No. 40-4 at 33 (Price Dep., 48:7-15).  Instead, he avers that defendants should have known about the transfer because such matters fall within their supervisory purview.  *Id.* at 35-36 (Price Dep., 50:15-51:10).

Defendants have submitted declarations in support of their summary judgment motion describing their lack of involvement in plaintiff's transfer.  Defendant Kernan became undersecretary of the CDCR in March 2015, at about the time plaintiff's transfer to Arizona was effected.  ECF No. 40-8 at 1, ¶ 2 (Kernan Decl.).  He states that at no point was he involved in or aware of plaintiff's transfer and that "generally [he was] not aware of the circumstances of individual inmate transfers between institutions."  *Id.* at 2, ¶ 4.  Defendant Beard was the secretary of the CDCR at the time plaintiff was transferred but states that he had no knowledge of plaintiff's transfer and would "generally not be consulted or made aware of such transfers."  ECF No. 40-5 at 1, ¶¶ 2, 4.  Defendant Barnes was the warden of High Desert State Prison at the time of plaintiff's transfer, but he states that he was not involved in the decision to transfer plaintiff. ECF No. 40-6 at 2, ¶ 4.  Barnes acknowledges that, from time to time, he participated in classification committee activities that determined where an inmate should be transferred *within* the CDCR, but that plaintiff's out of state transfer due to criminal charges in Arizona was not subject to a classification committee review.  *Id.* at 2, ¶ 5.  Finally, Defendant Spearman was warden of the Correctional Training Facility at the time of plaintiff's transfer and states that he would not have been aware of inmate transfers between other institutions.  ECF No. 40-7 at 2, ¶ 4.

Plaintiff has not offered any meaningful evidentiary opposition to these declarations. He argues generally that he requires additional discovery to oppose summary judgment. ECF No. 48 at 1. But the court has already denied plaintiff's request to modify the scheduling order to allow for additional discovery. ECF No. 47. Moreover, plaintiff's own deposition testimony makes clear that additional discovery would not likely unearth any substantive evidence on the issue at hand: whether any of the defendants had involvement in or were aware of his transfer to Arizona. Second, plaintiff states that he disputes defendants' statements that they were unaware of his transfer, but he offers no evidence or contextual allegations to the contrary. Nor does he purport to have personal knowledge on the matter of their involvement. Instead, he simply reiterates that defendants' job duties should have made them aware of the transfer in question. *Id.* at 4. But he cites no evidence in support of that contention and, thus, it is insufficient to defeat summary judgment. *See* Fed. R. Civ. P. 56(e)(2) ("[A]n opposing party may not rely merely on allegations or denials . . . ; rather, its response must . . . set out specific facts showing a genuine issue for trial."); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 664 (9th Cir. 1999) ("vague claims" cannot create a factual dispute "adequate to defeat summary judgment"); *see also Price v. Harris*, No. CV 18-9682-RGK (SP), 2019 U.S. Dist. LEXIS 227749, at *15-16 (C.D. Cal. July 22, 2019) (rejecting liability for warden where no personal involvement was alleged and claimant relied only on responsibilities listed in Cal. Code Regs. tit. 15, § 3380(a)). Here, there is no testimony by any percipient witness contradicting the material facts set out in the declaration testimony by the defendants. Thus, defendants' testimony as to their lack of involvement in the transfer is unrefuted.

Based on the foregoing, the court recommends that defendants' motion for summary judgment be granted. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (holding that a defendant moving for summary judgment "may shift the burden of producing evidence to the nonmoving plaintiff merely by 'showing'—that is, pointing out through argument—the absence of evidence to support plaintiff's claim"); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos*, 210 F.3d 1099, 1103 (9th Cir. 200) (holding that once a "moving

/////

1 | party carries its burden of production, the nonmoving party must produce evidence to support its
2 | claim or defense.").

Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 40) be GRANTED and plaintiff's claims against them be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE